# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **BRIAN C. TAMEZ, #505057,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **SA-21-CV-00774-XR** |
| **v.** | § | |
| | § | |
| **UNITED STATES, ET AL.** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER REGARDING APPLICATION TO PROCEED
### *IN FORMA PAUPERIS* ON APPEAL

Before the Court is *pro se* Plaintiff Brian C. Tamez's Application to Proceed *In Forma Pauperis* ("IFP") on Appeal pursuant to 28 U.S.C. § 1915.[1] (ECF No. 9). Tamez is seeking to appeal from this Court's September 17, 2021 Final Judgment and accompanying Order of Dismissal. (ECF Nos. 7–9). Upon consideration, the Court certifies the appeal is not taken in good faith and orders the application to proceed IFP on appeal **DENIED**. (ECF No. 9).

While confined, Tamez filed this 42 U.S.C. § 1983 action against the United States and unnamed representatives of the United States. (ECF No. 1). In his Complaint, Tamez appeared to allege his constitutional rights were violated when at birth he "was forced into the bindings of the 'social contract' of the U.S. Constitution, and deemed a U.S. citizen" without his consent. (*Id.*). As relief, he sought recognition of "self sovereignty & separation from the bindings of the social contract of the United States of America." (*Id.*). In other words, he sought to renounce his citizenship and have such renunciation recognized by the United States and its representatives.

---

[1] Tamez's IFP application is part of his notice of appeal rather than a separate document. (ECF No. 9).

Upon review, this Court recognized a citizen has the right to renounce his citizenship. (ECF No. 7); *see Nishikawa v. Dulles*, 356 U.S. 129, 139 (1958). However, Congress has broad authority over the conditions and procedures necessary for voluntary renunciation of citizenship. *See Talbot v. Jansen*, 3 U.S. 133, 164 (1795) (stating "it is the duty of the Legislature to make such provision[s] regarding expatriation"). In exercising such authority, Congress promulgated §§ 1481 and 1483 of Title 8 of the United States Code regarding voluntary renunciation of citizenship. *See* 8 U.S.C. §§ 1481, 1483.

In its Order of Dismissal, the Court found § 1483(a) applicable to Tamez's claim. (ECF No. 7). That provision states that except as provided in subsections (6) and (7) of § 1481(a), no United States national (citizen) can lose his nationality (citizenship) "while within the United States or any of its outlying possessions[.]" 8 U.S.C. § 1483(a); *see id.* §§ 1481(a)(6), (7). It is only under the conditions prescribed in subsections (6) or (7) of § 1481(a) that a citizen within the confines of the United States may voluntarily relinquish his citizenship. *See id.* §§ 1481(a)(6), (7), 1483(a).[2]

The Court found Tamez provided no argument regarding either subsection. (ECF Nos. 1, 7). And after review, the Court found neither subsection applicable. (ECF No. 7).

---

[2] Subsection (6) states a citizen may give up his citizenship by voluntarily, and with intent to relinquish his citizenship, "making in the United States a formal written renunciation of nationality in such form as may be prescribed by, and before such officer as may be designed by, the Attorney General, whenever the United States shall be in a state of war and the Attorney General shall approve such renunciation as not contrary to the interests of the national defense." *Id.* § 1481(a)(6). Subsection (7) states a citizen may give up his citizenship by voluntarily, and with intent to relinquish his citizenship, "committing any act of treason against, or attempting by force to overthrow, or bearing arms against, the United States, violating or conspiring to violate any of the provisions of § 2383 of Title 18, or violating § 2384 of Title 18 by engaging in a conspiracy to overthrow, put down, or to destroy by force the Government of the United States, or to levy war against them, if and when he is convicted thereof by a court martial or by a court of competent jurisdiction." *Id.* § 1481(a)(7).

Therefore, the Court found Tamez's Complaint was based on an indisputably meritless legal theory, rendering it frivolous and subject to dismissal with prejudice. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

In his application to proceed IFP, Tamez makes no substantive argument or showing that the Court's Order of Dismissal or Final Judgment based thereon are erroneous. (ECF Nos. 7–9). The Court finds no basis for a good faith appeal given the findings in the Court's Order of Dismissal and Final Judgment, which are fully incorporated herein. (ECF Nos. 7–9). Thus, pursuant to § 1915(a)(3) of Title 28 and Rule 24(a)(3) of the Federal Rules of Civil Procedure, the Court certifies the appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3).

Although this Court has certified that the appeal is not taken in good faith, Tamez may challenge this finding pursuant to *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997) by filing a separate motion to proceed IFP on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within thirty (30) days of this Order. The cost to file a motion to proceed on appeal with the Fifth Circuit is calculated below, and if Tamez moves to proceed on appeal IFP, prison authorities will be directed to collect the fees as calculated in this Order.

Based on information in his inmate trust account statement, the Court finds Tamez shall pay an initial partial filing fee in the amount of $4.67. Tamez shall pay the remaining $600.33 of the total appellate filing fee of $605.00 in periodic installments. *See* Fee Schedule (uscourts.gov) (last visited Nov. 1, 2024). Tamez is required to make payments of twenty percent (20%) of the preceding month's income credited to his prison account until he has paid the total filing fee of

$605.00. The agency having custody of Tamez shall collect this amount from the trust fund account or institutional equivalent when funds are available and when permitted by § 1915(b)(2) of Title 28 and forward it to the U.S. Clerk of Court, 262 W. Nueva, Suite Number 1–400, San Antonio, Texas 78207, referencing the case number stated in the style of this Order. *See* 28 U.S.C. § 1915(b)(2).

If Tamez moves the Court of Appeals to proceed IFP on appeal, the Clerk of Court shall mail a copy of this Order to the inmate accounting office or other person or entity with responsibility for collecting and remitting to the District Court interim filing payments on behalf of prisoners, as designated by the facility in which Tamez is currently or subsequently confined.

**IT IS THEREFORE ORDERED** that Plaintiff Brian C. Tamez's Application to Proceed *In Forma Pauperis* on Appeal (ECF No. 9) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 1st day of November, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

4